IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUAN ALEX RANDOLPH, JR., #007737     *

Plaintiff     *

v.     *     Civil Action No. PWG-16-2739

OFFICER POTTER,     *
OFFICER PARSONS,[1]
OFFICER IGWE,     *
OFFICER MONTGOMERY,
OFFICER CUSSEAUX,     *
TOLBERT,
    *
Defendants
    ***

**MEMORANDUM OPINION**

In this Complaint, self-represented Plaintiff Juan Alex Randolph, Jr. alleges that Defendants used excessive force and failed to protect him from harm during the time he was a pretrial detainee at the Prince George's County Detention Center. He also claims that Defendant Parsons threatened to beat him. Defendants Potter, Parsons, Igwe, Cusseaux, and Montgomery,[2] through counsel, move for dismissal of the Complaint and, alternatively for Summary Judgment. ECF No. 7. Defendants filed the Motion without exhibits or declarations, and it will be treated as a Motion to Dismiss. Defendants' Motion is unopposed.[3] For reasons stated herein, Defendants' Motion to Dismiss will be GRANTED IN PART AND DENIED IN PART.

---

[1] The Clerk will amend the docket to reflect Defendants Parsons and Cusseaux's last names as they appear in the Motion to Dismiss.

[2] Service was not accepted on behalf of Defendant Tolbert.

[3] Randolph is presently confined at Patuxent Institution and is no longer a pre-trial detainee. *See* http://www.dpscs.state.md.us/inmate (last visited July 17, 2017). After he was evaluated and found competent to stand trial, Randolph was found guilty of first-degree rape on July 6, 2017, in the Circuit Court for Prince George's County. Randolph was sentenced to life imprisonment with all but 35 years suspended. *See* http://casesearch.courts.state.md.us/casesearch/ (last visited July 17, 2017).

## PLAINTIFF'S ALLEGATIONS

Randolph alleges that on June 14, 2016, Officers Potter and Parsons placed him in "4-point restraints, shackles and handcuffs" from 1:45 a.m. to 8:30 a.m. and refused to give him breakfast. Compl. ¶ 1, ECF No. 1. Defendants Igwe and Montgomery came on shift at 7:00 a.m. and left the restraints on him. Randolph alleges that he passed out, and Defendants Igwe and Montgomery took him to the medical unit for treatment. *Id.* He claims that Officers Reed and Cusseaux attacked him.[4] *Id.* ¶ 2.

Randolph also asserts that on July 11 or 12, 2016, Parsons beat him up in his cell, injuring his head and right eye. Compl. ¶ 3. He claims that Parsons said he was beating Randolph up because he had been suspended for leaving Randolph in restraints. *Id.* A week later Parsons threatened to beat him and said that "this time [Randolph] wont [sic] live to tell about it." *Id.* ¶ 4. Further, Randolph alleges that on July 21, 2016, Officers Cusseaux and Tolbert forced him to come out for recreation with inmates from whom Randolph was supposed to be kept separate. *Id.* ¶ 5. Randolph states that inmates Miller and McPherson attacked him in front of Cusseaux and Tolbert on the tier of the housing unit; it is unclear whether Miller and McPherson were the ones from whom he was supposed to be kept separate. Randolph alleges that Officers Cusseaux and Tolbert did nothing when McPherson chased him with a weapon. *Id.* ¶ 5. As relief, he seeks "compensation." *Id.* at 3.

Defendants move for dismissal of the Complaint for failure to state a claim for which relief may be granted, arguing Randolph's "generalized claim" that he was placed in restraints, shackles, and handcuffs from 1:45 a.m. to 8:30 a.m., without being served breakfast, is insufficient to state a claim for excessive force against Officers Potter, Parsons, Igwe, and

---

[4] The date of the attack is not legible in the Complaint.

Montgomery. Defendants argue that Randolph's allegations against Defendants Cusseaux and Tolbert fail to satisfy the elements required to satisfy the constitutional standard of deliberate indifference claim. Further, they argue the allegation that Officer Parsons threatened to beat Randolph up fails to allege a constitutional violation.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB–12–237, 2012 WL 6562764, at *4 (D.Md. Dec. 13, 2012). This rule's purpose " 'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79; *see Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. In considering a Motion to Dismiss, I accept as true all of the factual allegations contained in the Complaint. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). I recognize that Randolph is a *pro se* litigant, and have accorded the Complaint liberal construction. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *Erickson*, 551 U.S. 89, 94 (2007) (quoting *Estelle*

*v. Gamble*, 429 U.S. 97, 106 (1976)) (noting the pleadings of a pro se plaintiff are held to a "less stringent" standard than a lawyer).

## DISCUSSION

"Due process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to the convicted prisoner." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992) (quoting *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (emphasis removed)). The inquiry with respect to the conditions alleged "is whether those conditions amount to punishment of the detainee," because the Due Process Clause proscribes punishment of a detainee "prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[N]ot every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin*, 849 F.2d at 870 (citing *Bell*, 441 U.S. at 537).

### Excessive Force

The Due Process Clause of the Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment," *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989), and is not simply "an incident of some other legitimate governmental purpose." *Bell*, 441 U.S. at 538. The Supreme Court held in *Kingsley v. Hendrickson* that "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." --- U.S. ----, 135 S. Ct. 2466, 2473 (2015). It is enough that a pretrial detainee show that the "force purposely or knowingly used against him was objectively unreasonable," *id.*, regardless of an officer's state of mind, *id.* at 2472 (quoted in *Dilworth v. Adams*, 841 F.3d 246, 255 (4th Cir. 2016); *Duff v. Potter*, 665 Fed. Appx. 242, 244 (4th Cir. Nov. 3, 2016)).[5] Randolph's allegation that he was

---

[5] *Kingsley* did not overrule cases applying a subjective standard to Eighth Amendment excessive force claims by convicted prisoners. 135 S. Ct. at 2476; *see also Davis v. White*, 794 F.3d 1008, 1012 n. I (8th Cir. 2015) (noting same).

placed in restraints, shackles, and handcuffs for nearly seven hours and then he passed out is sufficient to state a plausible claim of excessive force. Randolph's allegation that he was beaten by Parsons and suffered head and eye injuries also states a plausible Fourteenth Amendment claim and survives the Motion to Dismiss. But, his allegation that Officers Reed and Cusseaux attacked him, without any details about the alleged attack or the injuries he may have suffered, is insufficient to state a claim, especially given that the date is illegible, such that it does not put the defendants on notice as to when the incident occurred or what transpired. Plaintiff will be granted twenty-one days to amend to state a claim regarding this attack. If he fails to do so, his claim will be subject to dismissal under Rule 12(b)(6).

### Failure to Protect

The right to be free from cruel and unusual punishment includes the right to be protected from a substantial risk of serious harm at the hands of other inmates. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Makdessi v. Fields*, 789 F.3d 126 (4th Cir. 2015). A failure-to-protect claim brought by a pretrial detainee constitutes a due process claim under the Fourteenth Amendment. The same standards apply as for an Eighth Amendment claim brought by a convicted prisoner. *See, e.g., Brown v. Harris,* 240 F.3d 383, 388 (4th Cir. 2001); *Kamara v. Prince George's County Dep't of Corr.*, No. ELH-15-3952, 2017 WL 735549, at * 12 (Feb. 24, 2017) (collecting cases).

"The Eighth Amendment's prohibition on 'cruel and unusual punishments' imposes certain basic duties on prison officials." *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016) (citing *Farmer,* 511 U.S. at 832). These duties "include maintaining humane conditions of confinement, including the provision of adequate medical care and . . . 'reasonable measures to guarantee the safety of the inmates.'" *Id.* (quoting *Farmer*, 511 U.S. at 832). But, "not every

injury suffered by a prisoner at the hands of another 'translates into constitutional liability for prison officials responsible for the victim's safety.'" *Makdessi*, 789 F.3d at 133 (citation omitted). "[C]orrections officers have 'a duty to protect prisoners from violence at the hands of other prisoners,' for '[b]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.'" *Raynor*, 817 F.3d at 127 (citation omitted) (alteration in *Raynor*).

To establish a constitutional violation, the prisoner must satisfy a two-part test, consisting of an objective and a subjective component. *See Danser v. Stansberry*, 772 F.3d 340, 346–47 (4th Cir. 2014). Objectively, the prisoner "must establish a serious deprivation of his rights in the form of a 'serious or significant physical or emotional injury,'" *id.* (quoting *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 733 (4th Cir. 2010)), or a "sufficiently imminent danger[]," *Helling v. McKinney*, 509 U.S. 25, 34 (1993). Subjectively, a prisoner must establish that the prison official involved had "a sufficiently culpable state of mind" amounting to "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834. To establish a culpable state of mind, there must be "evidence suggesting that the prison official had actual knowledge of an excessive risk to the [inmate's or detainee's] safety." *Danser*, 772 F.3d at 347. That is, there must be evidence that prison officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and that the officials drew the inference. *Raynor*, 817 at 128 (quoting *Farmer*, 511 U.S. at 837).

Here, Randolph alleges he was compelled to go to recreation with inmates from whom he was supposed to be kept separate. Compl. ¶ 5. He states he was attacked in front of Officers Cusseaux and Tolbert, and the two officers did nothing when inmate McPherson chased him with a weapon. Compl. ¶ 5. These allegations state a plausible claim for relief and survive the

Motion to Dismiss.

<u>Verbal Threat</u>

Plaintiff claims Officer Parsons threatened him with a second beating. Compl. ¶ 4. A detainee or inmate cannot state a claim of assault based on verbal abuse by guards, without more. *See Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 n.11 (10th Cir. 1998) (stating that mere verbal threats are not actionable under § 1983); *see also Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999) (characterizing use of racial epithets as "undeniably deplorable and unprofessional behavior" but rejecting it a basis for constitutional claim); *Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (stating that "verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right" under § 1983). The threat alleged in this case is inexcusable, but it fall short of actions proscribed by the Fourteenth or the Eighth Amendments. *See Carter*, 164 F.3d at 219 n.3; *Collins*, 603 F.2d at 827; *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995) ("[N]ot all undesirable behavior by state actors is unconstitutional."). Of import here, Randolph does not allege that he was in fact attacked or harmed as a result of the threat. Accordingly, this claim will be dismissed.

**CONCLUSION**

I find the Complaint states plausible claims for violations of Randolph's rights under the Fourteenth Amendment for use of excessive force and for failure to protect. Defendants' Motion to Dismiss will be GRANTED as to the claim of a verbal threat of beating by Officer Parsons AND will be DENIED as to Randolph's excessive force and failure to protect claims. Randolph will have the opportunity to supplement his pleading to state a claim with regard to the alleged

attack by Officers Reed and Cusseaux, and Defendants shall file an Answer. Because service has not been accepted by the County Attorney for Prince Georges County for Officer Tolbert, counsel will be directed to provide an address under seal where Officer Tolbert can be served. The Pro Bono Coordinator shall locate a member of the Maryland Bar to represent Randolph in this action, *see* 28 U.S.C. § 1915(e)(1).

July 20, 2017
Date

Paul W. Grimm
United States District Judge